UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CELERINO CARRASCO,

        Plaintiff,

    v.

CORRECTIONAL SERVICE
CORPORATION, *et al.*,

        Defendants.

Case No.  C06-5084RJB

REPORT AND
RECOMMENDATION

Noted for March 9, 2007

       This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  This matter comes before the court on Plaintiff's response to the court's Order dated January 5, 2007. For the reasons set forth below, the undersigned recommends dismissal of this lawsuit without prejudice for failure to properly serve the complaint on defendants.

<u>PROCEDURAL AND FACTUAL BACKGROUND</u>

       This matter was initiated by Plaintiff on or about January 30, 2006, when the Court Clerk received four different proposed complaints (Docs.1& 2).  At the time Plaintiff was an immigration detainee in custody at the Northwest Detention Center.  A few days later the Court Clerk received two more proposed complaints (Doc. 4 &5), along with a list of fourteen defendants (Doc. 6), and two applications to proceed *in forma pauperis*. (Doc. 12 & 13).

       On February 15, 2006, the Clerk sent Plaintiff a letter explaining that his applications to proceed *in*

1    *forma pauperis* were deficient, (Plaintiff failed to file the required Written Consent for Payment of Costs).

2    Plaintiff attempted to correct the deficiency, and on May 1, 2006, the undersigned reviewed the matter.

3    The court explained that the information Plaintiff provided to court to support his applications was

4    inconsistent.  The court noted Plaintiff's application failed  to disclose any source of income while he was

5    detained at the Northwest Detention Center, but the detention center's financial record indicated that he

6    regularly received monies, which were deposited in his account.  The court further noted that Plaintiff was

7    no longer in custody, but had been deported to Mexico on or about February 28, 2006.

8        Due to the fact that Plaintiff's applications for IFP were deficient  and incomplete and because Plaintiff

9    was no longer in custody, but a free individual, the court concluded it should not impose the *in forma pauperis*

10   laws applicable to those that are in custody pursuant to 28 U.S.C. § 1915.   The court directed plaintiff to either

11   pay the requisite filing fee of $250.00 or file an updated application to proceed in forma pauperis, based on his

12   current income and/or employment status in Mexico.

13        On May 31, 2006, in response to the court's order, Plaintiff filed an updated application to proceed *in*

14   *forma pauperis*.   The application was presented on the form used for prisoners, but nonetheless, the court

15   reviewed the statements in the application, and on July 19, 2006, the undersigned granted his application.

16   The court explained Plaintiff's responsibilities to proceed with the case, stating:

> The clerk is directed to issue summonses, after submitted by plaintiff, to enable plaintiff to
> properly serve copies of the complaint on each of the named defendants. Plaintiff, who is no
> longer incarcerated or in custody, shall note that it is his responsibility to properly serve
> copies of the complaint along with appropriate summons as required by Rule 4 of the
> Federal Rules of Civil Procedure.

20   Doc. 23.  On July 20, 2006, Plaintiff filed an Amended Complaint (Doc. 24).

21        Several months passed and on October 30, 2006, the undersigned reviewed the file to determine the

22   status of the case.  It did not appear that Plaintiff had ever requested the Court Clerk to issue the

23   appropriate summonses and Plaintiff had not filed any proof of service of the complaint, thus, the court

24   issued an order allowing Plaintiff the opportunity to either perfect service or explain why more time to

25   allow for service should be granted (Doc. 27).   Plaintiff failed to respond to the court's order, and the

26   undersigned recommended dismissal of the matter (Doc. 28).

27        On December 26, 2006, without knowledge of any objections filed by Plaintiff to the

28   recommendation, the Court adopted the court's recommendation to dismiss this matter for failure to

1   prosecute (dismissing the case without prejudice).  However, on December 29, 2006, the Court Clerk

2   docketed two declarations submitted by Plaintiff on December 21, 2006.  The Court considered Plaintiff's

3   declarations as an attempt to show that he has properly served summonses and copies of the complaints on

4   the named defendants, and it referred the matter back to the undersigned magistrate judge.

5          On January 5, 2007, the court reviewed the matter, specifically the declarations filed by Plaintiff on

6   December 21, 2007, and  issued an order to show cause why the matter should not be dismissed for failure

7   to properly serve each defendant with a summons and copy of the complaint.  In addition, the court

8   explained that the Amended Complaint was deficient.  Specifically, the court noted that the Amended

9   Complaint did not appear to name proper defendants.  The court noted that the Amended Complaint

10  named different individuals than the individuals Plaintiff was attempting to serve.  Furthermore, the court

11  explained that the Amended Complaint did not specifically name individuals who personally participated in

12  depriving plaintiff of any U.S. Constitutional or federally protected rights.  Plaintiff was directed to file

13  proof that the summonses and copies of the complaint have been properly served and a second amended

14  complaint, curing, if possible, the deficiencies noted by the court regarding proper defendants and personal

15  participation.  See Doc. 33.

16         On February 5, 2007, the Court Clerk received a pleading from Plaintiff entitled, "Proof certify of

17  service receipts and objection against order of dismissal."  After reviewing this document, and the balance

18  of the record, the undersigned submits this report, recommending dismissal of this matter for lack of

19  prosecution and frivolity.

20                                          <u>DISCUSSION</u>

21          A complaint is frivolous when it has no arguable basis in law or fact.  <u>Franklin v. Murphy</u>, 745

22  F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a

23  complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before

24  service of process under 28 U.S.C. § 1915(d).  <u>Noll v. Carlson</u>, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing*

25  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984)).  A plaintiff must allege a deprivation of a

26  federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983.  <u>Baker v.</u>

27  <u>McCollan</u>, 443 U.S. 137, 140 (1979).  In order to state a claim under 42 U.S.C. § 1983, a complaint must

28  allege that (l) the conduct complained of was committed by a person acting under color of state law and

REPORT AND RECOMMENDATION
Page - 3

that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  Section 1915(e) of the PLRA requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.  28 U.S.C. § 1915; <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir.1998).

  Rules 4 of the Federal Rules of Civil Procedure govern how and when service of a summons and a copy of the complaint is required to properly commence a civil action. Rule 4(c)(2) of the Federal Rules of Civil Procedure clearly states that service of a summons shall be served together with copy of the complaint and the plaintiff is responsible for service of a summons and complaint within the proper time period.  Rule 4(c).  The rule further states that service "may be effected by any person **who is not a party** and who is at least 18 years of age" (emphasis added).   Exceptional steps must be taken to perfect service when the defendant is a corporation, association, the U.S. government or governmental agencies.  See Rules 4(h), 4(i), and 4(j).  In relevant part, FRCP 4(m) provides:

> Time limit for service.  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(l) states, in relevant part,  "If service is not waived [a procedure described in rule 4(d)] the person effecting service shall make proof thereof to the court."

  After carefully reviewing the standards set forth above and Plaintiff's pleadings made in response to the court's concerns that a copy of the Amended Complaint along with a summons have not been properly served on each defendant, the undersigned finds Plaintiff's most recent documents and pleadings filed on February 5, 2007, do not contain any kind of proof to suggest otherwise.  The statements made by Plaintiff show that he had receipts for sending something to Tacoma, Washington on September 23, 2006, allegedly addressed to G.C. Wigen and C. Cheek at Correctional Service Corporation.   This does not provide sufficient proof that defendants received an appropriate summons, issued by the Court Clerk, along with a copy of the Complaint and/or Amended Complaint.

The fact that Plaintiff is proceeding *in forma pauperis* does not relieve him of the duty to serve summonses and copies of his complaint on defendants. Rule 4(c)(2) provides the option of allowing a plaintiff to request that service be made by the U.S. Marshall, deputy Marshall, or other person or officer specially appointed by the court, and that "Such appointment must be made when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 or is authorized to proceed as a seaman under 28 U.S.C. §1916." Since passage of the Prisoner Litigation Reform Act ("PLRA") 28 U.S.C. § 1915 specifically pertains to prisoners proceeding in forma pauperis. Thus § 1915(d) which states, "The officers of the court shall issue and serve all process, and perform all duties in such cases" does not apply here. At the time Plaintiff submitted his initial complaints, he was an immigration detainee; he was never a prisoner. At the time his application to proceed in forma pauperis was granted, he was living and residing in Mexico without any of the restrictions or limitations the court would normally assign a prisoner litigant (or a seaman). There are at least two Ninth Circuit cases that hold specifically that an immigration detainee who is not facing criminal charges is not a "prisoner" under the PLRA. *See* Andrews v. King, 398 F.3d 1113 (9th Cir. 2005) (noting that in Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002) it had held that an INS detainee who does not also face criminal charges is not a prisoner under 28 U.S.C. §1915).

Local Rule CR 4(c) supplants the federal rule to certain extent. Local Rule CR 4(c) provides:

> Except as provided for herein, the United States Marshals Service is relieved from any and all civil process serving responsibilities within this district on behalf of private litigants. The private litigant or attorney of record for the private litigant shall make appropriate arrangements with a person authorized to serve process. Upon order of this court or pursuant to an express statutory provision, however, the United States Marshals Service shall make service of civil process on behalf of a private litigant or his attorney or record.

The undersigned is unaware of any express statutory provision that would apply in this case where Plaintiff is a private litigant who happens to now reside in Mexico. He is responsible for properly serving a summons and copy of his complaint or amended complaint on each of the defendants named. As noted above, Plaintiff has failed to file sufficient proof of service in this matter.

The Amended Complaint fails to allege with sufficient specificity any violation of U.S. Constitutional or federally protected rights. Plaintiff discusses the fact that he was engaged in a fight with another inmate, but fails to state or show how any individual, acting under color of state law, intentionally or recklessly allowed the fight to occur. Plaintiff makes further allegations that the fight or incident was not properly investigated. These statements do not show or support any cognizable § 1983 claim.

1    The court notes that Plaintiff contends he has properly attempted to serve two individuals, G.C.

2    Wigens and C. Cheek, at the Correctional Service Corporation, located in Tacoma, Washington.  A review

3    of the Amended Complaint shows that neither of these individuals is named in the caption of the document,

4    nor in the space provided to name further individuals, where Plaintiff names the United States Government

5    as an additional defendant.  See Doc. 24 at 3.  The court notes that Plaintiff mentions Associated Warden

6    Cheek in the Statement of Claim portion of the Amended Complaint, but it is clear that such individual is

7    named only in his or her supervisory capacity.   As explained in the court's order to show cause, dated

8    January 5, 2007, a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of

9    supervisory responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658,

10   694 n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a § 1983 claim.  Padway v.

11   Palches, 665 F.2d 965 (9th Cir. 1982).  Plaintiff has failed to address this deficiency or similar deficiencies

12   as directed by the court.

13                                          <u>CONCLUSION</u>

14        Based on the foregoing, the Court should dismiss this matter without prejudice for failure to

15   properly serve defendants with a summons and copy of the complaint, or the Court should dismiss this

16   matter with prejudice because Plaintiff has failed to state any cognizable claim against any individual

17   personal participant.

18        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

19   parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P.

20   6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v.

21   Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

22   set the matter for consideration on **March 9, 2007**, as noted in the caption.

23        DATED this Monday, February 12, 2007.

24

25                              */s/ J. Kelley Arnold*
                               J. Kelley Arnold
26                             United States Magistrate Judge

27

28